# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Miguel Martinez; | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Criminal Action No.: 2:05-1331-PMD |
| v. | ) | |
| | ) | |
| United States of America. | ) | **ORDER** |
| | ) | |

Miguel Martinez ("Petitioner"), a pro se prisoner, moves the court to set aside and vacate his sentence pursuant to 28 U.S.C. § 2255. After reviewing the facts and the pertinent law, the court denies Petitioner's petition.

## BACKGROUND

On May 30, 2206, Petitioner pled guilty to conspiracy to distribute five kilograms or more of cocaine. Petitioner was sentenced for a term of 262 months to be followed by a five year term of supervised release, and the Fourth Circuit affirmed his sentence. Petitioner has filed his § 2255 motion, in which he alleges that his trial counsel provided ineffective assistance of counsel. According to Petitioner, his trial counsel should have argued at his sentencing, pursuant to 18 U.S.C. § 3553, that the statutory mandatory minimum term of 120 months was sufficient given the nature of the offense and his history and characteristics. He contends that his attorney failed to ask the judge to consider the fact that Petitioner is a 30 year old Mexican citizen who speaks fluent English and has resided in the United States since 1993; and that he has a nine year old daughter, a three year old daughter, and a son, who is eight years old, all three who depend on him for financial support. (Pet. Mem. in Support at 6–7.)

Petitioner also contends that his trial counsel should have argued that a 120-month sentence was sufficient to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment and afford adequate deterrence to criminal conduct, and to protect the public. Petitioner believes his trial counsel should have argued to the court that he was a first-time offender who will be over 40 years old upon the completion of his sentence, at which time he will be deported. (*Id.* at 8.) Petitioner believes his trial counsel should also have argued that, while incarcerated, he will be ineligible for home confinement, community confinement, work release, or intermittent confinement, and could not serve any of his sentence in a minimum security prison. (*Id.*) Because his trial counsel failed to "investigate and develop" these factors as enunciated in 18 U.S.C. § 3553, Petitioner argues that he was prejudiced by the allegedly ineffective assistance. According to Petitioner, the judge either would have agreed and sentenced him to the mandatory minimum term of 120 months of imprisonment, or he would have been required to give some explanation why the statutory mandatory minimum term was not sufficient. Based on this argument, Petitioner asks the court to re-sentence him to 120 months in confinement.

## **ANALYSIS**

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). *Strickland v. Washington* states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Washington*, 466 U.S. at 687–96. To establish the first prong, the defendant must show "that counsel made errors so serious that [he or she] was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment." *Id.* at 687. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.* Petitioner has the burden of showing that trial counsel was ineffective under this standard. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) (citing *Johnson v. Zerbst*, 304 U.S. 458 (1938)).

Even if the court were to find, which it does not, that Petitioner' trial counsel's performance was deficient, Petitioner has not established that he was actually prejudiced by that performance. As the Government points out, Petitioner's presentence report, which was reviewed by both the court and Petitioner's counsel, provided an overview of each of the factors listed in § 3553(a) that could have warranted a departure from the sentencing guidelines. (Gov't Resp. in Opp. Ex. A); *see Valencia v. United States*, No. 8:07-CV-413-T-27MAP, 2009 U.S. Dist. LEXIS 51493, at *13 (M.D. Fl. June 5, 2009) ("[T]he district court did not explicitly mention the § 3553(a) factors, but they were included in the report and recommendation from the probation officer and were implicated in the arguments of the parties before the court. Accordingly, . . .

Petitioner's attorney was not ineffective in failing to object on this ground or raise the issue on appeal."). Moreover, the court considered both the guidelines and the statutory sentencing factors in rendering Petitioner's sentence and imposed a sentence at the low end of the guideline range, as Petitioner's attorney had requested. Even on appeal, Petitioner's appellate counsel argued that the district court erred in applying the sentencing guidelines as mandatory in violation of *Unites States v. Booker*, 543 U.S. 220 (2005), yet the Fourth Circuit affirmed the district court's decision to sentence Petitioner to 262 months of imprisonment. *United States v. Martinez*, 238 F. App'x 998 (4th Cir. 2007). Thus, the factors set forth in § 3553(a) were considered in calculating Petitioner's sentence, and the court finds that Petitioner failed to show that he received ineffective assistance of counsel at his sentencing in violation of the Sixth Amendment.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Petitioner's petition pursuant to § 2255 motion is hereby **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 3, 2009**
**Charleston, SC**